UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

METROPOLITAN LIFE
INSURANCE COMPANY

CIVIL NO. 01-880 (RHK/JMM)

Plaintiff,

v.

REPORT AND RECOMMENDATION

CAROL VOLSTADT, BRAD ANDERSON,
ROBYN JONES, JACQUELYN JONES,
SAMANTHA JONES, SARAH POPKEN
and JAMES POPKEN,

Defendants.

This matter is before the Court upon a binding settlement reached between the Defendants, the only remaining Parties herein. The action was commenced as an interpleader action by Plaintiff, the holder of life insurance benefits as to which Defendants had competing claims. By Order dated November 9, 2001 [Docket No. 18], upon Stipulation of the Parties, Plaintiff was dismissed as a Party to the action, subject to Defendants' agreement to pay Plaintiff's attorneys' fees "in the manner prescribed by Equitable Life Assur Soc'y of the U.S. v. Miller, 229 F. Supp. 1018 (D. Minn. 1964) and Greenberg v. Equitable Life Assure Society of U.S., 167 F. Supp. 112 (D. Minn.1958)."

On December 20, 2001, Defendants reached a binding settlement of their respective claims in this matter. The Parties themselves have proposed the terms of the recommendation below, subject only to a determination by the Court as to the amount of the attorney's fees and costs to be inserted in Paragraph 1. A. of the proposed Order.

Plaintiff has now submitted a Motion for Attorney's Fees and Costs [Docket No. 21] and has documented that it incurred reasonable attorney's fees in the sum of

FILED JAN 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

$4,304.50 and costs of $801.22. Defendants do not dispute the reasonableness of the fee, or the costs, but they request that the Court refrain from awarding entirety of the sum.

In Miller, the Court reduced the claim for attorney's fees from $500 to $200, because "the fees generated in cases of this nature are generally modest since the expenditure of time involved is not great and the fund limited. . . . The award of attorney's fees is, of course, without prejudice to the rights of Plaintiff's counsel for additional attorneys' fees from his client." Miller, 229 F. Supp. at 1021. In National Life & Acc. Ins. Co. v. Bruce, 309 F. Supp. 1314, 1315 (W.D. Mo. 1970), the Court similarly restricted the amount of attorneys' fees to be awarded from the fund to a small charge. (In Bruce the Court also correctly observed that the size of the sum in the fund has little bearing upon the issue of the amount of the attorneys' fees, since the procedural duties of the stakeholder are essentially the same regardless of the amount involved).

These authorities suggest the application of equitable principles in the determination of the attorneys' fees to be awarded out of the corpus of the funds interpled. We conclude that an award of $2,500 is appropriately charged to the fund. This represents approximately 50% of Plaintiff's reasonable costs and attorney's fees, and recognizes that the Interpleader action served not only the purpose of providing Defendants with a forum for the determination of their respective claims to the funds, but also served Plaintiff's objectives.

## RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. That the Clerk of Court shall distribute or disburse the funds interpled in this matter ("Interpled Funds") as follows:

A. Plaintiff Metropolitan Life Insurance Company shall be and is hereby awarded $2,500.00 as its reasonable costs, disbursements and attorney's fees in this matter. Said award may be distributed by the Clerk of Court by payment directed to Plaintiff's counsel of record.

B. Defendant Carol Volstad shall be and is hereby awarded $34,500.00 in full and final settlement of her claims in this matter. Said award may be distributed by the Clerk of Court by payment directed to Defendant Carol Volstad's counsel of record.

C. The remaining balance of the Interpled Funds shall be distributed to the remaining Defendants (other than Defendant Volstad) as full and final settlement of their claims in this matter. Said award may be distributed by the Clerk of Court by payment directed to Wendland and Utz, Ltd., as counsel of record for said remaining Defendants.

2. Thereupon, the above matter shall be dismissed with prejudice.

Dated: January 22, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 6, 2002 written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.